UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 7:18-CR-855 |
| | § | |
| JORGE ZAMORA-QUEZADA | § | |

**UNITED STATES' OPPOSED MOTION
FOR ORDER CLARIFYING RECEIVERSHIP SALE**

The United States moves for an order clarifying the procedure for sale of the Zamoras' three Mexican properties by the Receiver (Coldwell Banker La Costa), which the Court appointed on May 21, 2025, pursuant to an Agreed Order Appointing Receiver (Dkt No. 833). There is one pending sale, for Penthouse No. E-16-01 at the Shangri-La Condominium in Puerto Vallarta, Mexico.

**The Receiver's Request**

The Receiver has determined that a more specific order would be helpful to the sales process for the Mexican properties that the Defendant and his wife previously agreed would be sold and used to pay towards restitution. In particular, the attached proposed order explicitly states that the sales proceeds will be first deposited into an escrow account, explicitly states that Mexican taxes will be deducted along with the other expenses, and explicitly states that the net sales proceeds will be paid to the U.S. District Clerk to be applied to restitution.

Because neither the United States nor the Receiver holds title to the Mexican

properties, accepting offers and eventually selling the Mexican properties requires the signatures of both the Defendant and his wife Meizy Zamora. The Defendant is incarcerated and is not represented by counsel. Both the Receiver and the undersigned independently send and receive emails with Meisy Zamora, who is able to email her husband at the prison. She sometimes forwards emails from him.

On Monday, March 9, 2026, the undersigned emailed the Defendant's wife, Meisy Zamora, with a copy of the proposed Order, stating:

> The Receiver has requested that the government obtain an order from the Court to facilitate a smooth sale of the Mexican properties. The attached proposed Order clarifies that the proceeds from the sale of each Mexican property will be put into an escrow account; and that all fees, debts and commissions—and specifically including Mexican taxes—will be paid from the escrow account before the net proceeds are paid to the Court Clerk to be applied to the restitution debt. Nothing has really changed, but the Order will make the procedure very clear.

> When moving for a Court Order, I am required to ask if the other parties are opposed or unopposed to the Order.

> **Would you please forward the proposed Order by email to your husband for him to review, then tell me whether you and your husband are unopposed to the entry of this Order?**

Although the proposed order is simple and to their benefit (in that it clarifies that they will not be responsible for Mexican taxes), the Defendant's wife has not responded at all on behalf of herself and/or her husband. This motion is therefore marked opposed.

### General Issues with Cooperation and Delay

The United States and the Receiver have each experienced issues with a lack of cooperation and apparent delay tactics by the Defendant and his wife, and the Government

2

may need to ask the Court for assistance if such behavior continues.

The Zamoras entered into a Settlement Agreement with the United States that (a) provided that the Zamoras will cooperate in the sale of the Mexican properties to help pay restitution; and (b) provided that the Zamoras would benefit from the agreement by the release of certain seized funds to pay their attorneys; and by the exemption of the Zamora's residence from execution to enforce the restitution debt.

On May 21, 2025, the Court signed the Agreed Order Appointing Receiver (Dkt No. 833), and both the Defendant and his wife (and each of their attorneys) signed that Order to show their agreement with the terms. Specifically, the Court appointed the Receiver to sell three of the Zamoras' properties in Mexico (two penthouses in the Shangri-La Condominiums and a Punta Mita time share).   The Order stated:

> 3.      It is ORDERED that Jorge C. Zamora Quezada and his wife, Meisy Zamora, **shall cooperate with the Receiver in the sale** of the above-listed properties, in both their personal and representative capacities; **and shall sign any documents requested by the Receiver** in order to facilitate the sale of those properties.

Order at para. 3 (emphasis added).

The Government and Receiver have found the Defendant and his wife difficult to deal from the very beginning, when the Defendant's signature was first needed on agreements to list the Mexican properties for sale (listing agreements kept expiring after 30 days, and then new ones would have to be drawn up). In addition, Meisy Zamora delayed in providing physical access to the condominium units so that the Receiver could show the units to prospective buyers, prolonging her collection of income from the properties. Both

the Defendant and Meisy Zamora have delayed in signing documents when requested by the Receiver. Meisy Zamora can sign with DocuSign, but the United States sends the U.S. Marshals Service to the prison in order to obtain the Defendant's signature.

As an example of the difficulties, on January 8, 2026, Meisy Zamora forwarded an email from her husband dated January 7, 2026, which stated, among other things, that he and his wife were upset with the way the Receiver is behaving with respect to the sale of the Mexican properties, that it should take 12 to 24 months to find a buyer for such properties, that the fact that a property sold just days after being listed means that the asking prices set by the Receiver are not appropriate, and that he and his wife request new and current appraisals of the properties (2 at least), with the fees to be covered by the Receiver. The Defendant also claimed that the offer letter he signed was invalid because one of the dates stated 2025 instead of 2026 (that was only on the English translation side of the document).

Most importantly, Meisy Zamora secretly entered into a 12-month rental of one of the condominium units in October 2025, almost derailing a sale. The potential buyer's offer was accepted and the offer letter signed before Meisy Zamora disclosed that she had previously rented the unit through December 2, 2026. Neither the Receiver nor the prospective buyer knew the unit had been rented, and the prospective buyer wanted to move into the unit, not wait 10 months for a renter to vacate. In addition, the fact that there is a tenant means that under Mexican law, the tenant gets the right of first refusal to purchase the unit (this tenant did not want to buy). Eventually, the Receiver was able to make arrangements for the renter to move to the other condominium (which will now need to be

sold as an investment property). The Government is hopeful that the current pending sale will be completed. The closing date is scheduled for May 4, 2026.

The current issue is that a Power of Attorney (POA) from the Defendant to his wife will be needed to close the sale, and Mexican law requires that there be two witnesses to the Defendant signing the POA in front of a notary (at the prison). About a week ago, the Receiver reported that he has been waiting for about 3 weeks for Meisy Zamora to send the IDs of her two children who she mentioned would act as the two witnesses for the Power of Attorney, but she continues to delay. The POA needs to get signed well ahead of the closing date.

The Government hopes that the Defendant and his wife will comply with the Order and increase their cooperation now that the Court has been informed of their behavior.

### Relief Requested

The United States moves that the Court enter the attached proposed order and provide any other relief that it deems appropriate.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

*/s/ Kristine E. Rollinson*
Kristine E. Rollinson
Assistant U.S. Attorney
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

Laura Garcia
U.S. Attorney's Office
1701 W. Highway 83, #600
McAllen, Texas 78501

## CERTIFICATE OF CONFERENCE

The undersigned attempted to obtain the Defendant's position and his wife's position on the motion by emailing his wife on March 9, 2026.   No response has been received, so this motion is marked opposed.

*/s/ Kristine E. Rollinson*
Kristine E. Rollinson

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on all counsel via electronic court filing on March 20, 2026.   In addition, a copy was emailed to Meisy Zamora, and a copy was mailed to the Defendant at BOP.

*/s/ Kristine E. Rollinson*
Kristine E. Rollinson

6