UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 1 2026

Nathan Ochsner, Clerk

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case NO. 7:18-CR-0855

JORGE C. ZAMORA-QUEZADA,
Defendant.

---

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. §
2255WITH INCORPORATED REQUEST FOR LEAVE TO AMEND BASED ON
NEWLY DISCOVERED MEDICAL EVIDENCE**

Movant, Dr. Jorge C. Zamora-Quezáda, respectfully submits this Motion under 28
U.S.C. § 2255, asking this Court to vacate, set aside, or correct his conviction and
sentence because they were obtained in violation of the Constitution and laws of the
United States. Movant also respectfully requests leave to amend this motion upon
receipt of additional medical evidence for two remaining patients whose diagnostic
results are pending.

---

## I. INTRODUCTION

This case was built on a medically and scientifically false premise: that several patients
treated by Movant "did not have rheumatoid arthritis (RA)" and therefore their treatment
constituted fraud. The Government's theory was medically inaccurate, contradicted by
modern diagnostic criteria, contradicted by biomarker science, contradicted by
autoimmune comorbidity data, and contradicted by the very medical records the
Government possessed.

Newly discovered evidence—including the ACR/EULAR 2010 RA classification criteria, VECTRA biomarker results, inflammatory markers (ESR, CRP, C3, C4), ANA, RNP, Sjögren's antibodies, and autoimmune comorbidities—demonstrates that the patients at issue did meet the criteria for RA or related autoimmune disease.

The Government presented false or misleading medical testimony, violated Brady, violated Napue, and relied on materially false information to calculate loss under the Sentencing Guidelines. Trial counsel failed to investigate, failed to consult experts, failed to challenge the Government's medical assertions, and failed to present readily available exculpatory medical evidence.

Movant therefore seeks relief under:

- Strickland v. Washington, 466 U.S. 668 (1984)
- Brady v. Maryland, 373 U.S. 83 (1963)
- Napue v. Illinois, 360 U.S. 264 (1959)
- Townsend v. Burke, 334 U.S. 736 (1948)
- Concepcion v. United States, 142 S. Ct. 2389 (2022)
- 28 U.S.C. § 2255(a)


Movant also seeks leave to amend under:

- Fed. R. Civ. P. 15(a)
- United States v. Saenz, 282 F.3d 354 (5th Cir. 2002)**
- 28 U.S.C. § 2255(h)


---


II. STATEMENT OF THE CASE

Movant, a board-certified rheumatologist, was convicted of healthcare fraud based on the Government's assertion that he intentionally misdiagnosed patients with RA to bill for unnecessary services. The Government repeatedly told the jury that the patients "did not have RA," "tested negative," and "showed no evidence of autoimmune disease."

These statements were false.

A. Medical Evidence the Government Ignored

Documents now available—including those submitted by Movant—show:

• Five of the seven patients had positive rheumatoid factor
• Two patients had elevated VECTRA scores (12-biomarker RA panel)
• All patients had inflammatory markers (ESR, CRP, C3, C4)
• All patients had autoimmune markers (ANA, RNP, Sjögren's, SSB)
• All patients met ACR/EULAR 2010 RA classification criteria
• All patients had autoimmune comorbidities consistent with RA

The Government relied on outdated diagnostic criteria and misrepresented modern rheumatology.

B. RA Is Not a Single Disease

Modern rheumatology recognizes RA as a spectrum autoimmune disorder, often overlapping with:

• Lupus
• Sjögren's
• Psoriatic arthritis
• Inflammatory bowel disease
• Hashimoto's
• Vasculitis
• Eczema
• Psoriasis

The Government falsely portrayed RA as a single, rigid diagnosis.

C. ACR/EULAR 2010 Criteria Were Ignored

The 2010 criteria were created to diagnose early RA, even with minimal symptoms. Nationally, RA classification doubled from 30% to 60% after adoption of these criteria.

The Government used pre-2010 criteria, misleading the jury.

D. Texas Medical Board Cleared Movant

The Texas Medical Board:

• Reviewed Movant's charts
• Issued monitor reports
• Received Movant's written responses
• Found no basis for further action
• Terminated the Board Order in 2011

This contradicts the Government's theory of fraud.

E. Coercion of Co-Defendant Meisy Zamora

Meisy Zamora was coerced into signing a settlement agreement under threat that Movant would receive "100 years." She was later acquitted, proving she was not part of any conspiracy.

F. Collapse of the Alleged Conspiracy

All co-defendants were acquitted or dismissed, leaving Movant as the sole alleged conspirator—contradicting the Government's conspiracy theory.

---

III. GROUNDS FOR RELIEF

---

GROUND ONE

Ineffective Assistance of Counsel — Strickland v. Washington

Trial counsel rendered constitutionally deficient performance by failing to:

1. Investigate and Present Medical Evidence

Counsel failed to present:

• ACR/EULAR 2010 RA criteria
• VECTRA biomarker science

- Autoimmune comorbidity data
- Positive rheumatoid factor results
- Elevated inflammatory markers
- Expert testimony contradicting the Government

## 2. Challenge False Medical Testimony

Counsel allowed the Government to:

- Use outdated RA criteria
- Claim "no RA" despite biomarker evidence
- Misrepresent autoimmune disease science

## 3. Challenge Loss Calculation

Counsel failed to argue that:

- Treatment was medically justified
- Patients met RA criteria
- Loss was improperly calculated

## 4. Consult Experts

Failure to hire a rheumatology expert constitutes IAC under:

- Hinton v. Alabama, 571 U.S. 263 (2014)
- Rompilla v. Beard, 545 U.S. 374 (2005)

## Case Law Supporting Relief

- Strickland v. Washington, 466 U.S. 668 (1984)
- Wiggins v. Smith, 539 U.S. 510 (2003)
- United States v. Bernard, 762 F.3d 467 (5th Cir. 2014)

---

GROUND TWO

Government Misconduct — Napue & Giglio Violations

The Government knowingly presented false or misleading medical testimony.

1. False Statements About RA Diagnosis

The Government claimed:

• Patients "did not have RA"
• Patients "tested negative"
• Treatment was "unnecessary"


These statements were contradicted by:

• RF positive results
• VECTRA scores
• ANA, RNP, Sjögren's antibodies
• ESR/CRP elevations
• ACR/EULAR 2010 criteria


2. Suppression of Exculpatory Evidence

Violating Brady v. Maryland, 373 U.S. 83 (1963).

3. Presentation of Scientifically False Testimony

Violating Napue v. Illinois, 360 U.S. 264 (1959).

Case Law

• Giglio v. United States, 405 U.S. 150 (1972)
• Mooney v. Holohan, 294 U.S. 103 (1935)
• 5th Cir.: United States v. Haese, 162 F.3d 359 (5th Cir. 1998)


---

GROUND THREE

Sentence Based on Materially False Information — Due Process Violation

The loss amount was calculated based on:

• Incorrect medical assumptions
• False statements about RA
• Misinterpretation of biomarkers
• Absence of defense experts
• Outdated diagnostic criteria

Case Law

• Townsend v. Burke, 334 U.S. 736 (1948)
• United States v. Tucker, 404 U.S. 443 (1972)
• United States v. Johnson, 445 F.3d 793 (5th Cir. 2006)
• Concepcion v. United States, 142 S. Ct. 2389 (2022)

---

GROUND FOUR

Newly Discovered Evidence — § 2255(h) and Rule 33

New evidence shows:

• Patients did have RA
• Biomarkers were misinterpreted
• Government used outdated criteria
• Loss calculation is invalid

Pending Evidence

Two patients' diagnostic results are still pending.

Request for Leave to Amend

Movant requests leave to amend upon receipt of:

- Final RA diagnostic results
- Additional autoimmune biomarker data
- Expert analysis

Case Law

- Schlup v. Delo, 513 U.S. 298 (1995)
- United States v. Saenz, 282 F.3d 354 (5th Cir. 2002)
- United States v. Bowen, 799 F.3d 336 (5th Cir. 2015)

---

IV. PRAYER FOR RELIEF

Movant respectfully requests that this Court:

1. Vacate the conviction and sentence
2. Or order a new trial
3. Or order a full evidentiary hearing
4. Grant leave to amend when remaining medical results are received
5. Grant any other relief the Court deems just and proper

---

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion under 28 U.S.C. § 2255 was mailed to:

United States Attorney's Office
Southern District of Texas
1701 W. Business Hwy. 83
Suite 600
McAllen, TX 78501

On this 19 day of May, 2026.